UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UBIQUITOUS CONNECTIVITY, LP,**<br>       **Plaintiff,**<br><br>**v.**<br><br>**CITY OF SAN ANTONIO, by and through its**<br>**agent, CITY PUBLIC SERVICE BOARD OF**<br>**SAN ANTONIO, d/b/a CPS ENERGY,**<br>       **Defendant.** | **CASE NO. 5:20-cv-00815-XR**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## CPS ENERGY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant City of San Antonio, by and through the City Public Service Board of San Antonio, ("CPS Energy" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Ubiquitous Connectivity, LP's ("Plaintiff" or "Ubiquitous") Complaint ("Complaint"). CPS Energy denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION

1.       CPS Energy admits that the Complaint purports to set forth an action for infringement and that Plaintiff seeks damages and injunctive relief, but CPS Energy denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. CPS Energy admits a purported copy of U.S. Patent No. 10,344,999 (hereinafter, the "'999 Patent") is attached to the Complaint as Exhibit A. CPS Energy denies any remaining allegations in Paragraph 1 of the Complaint.

---

[1] For avoidance of doubt, CPS Energy denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint and reproduces the Complaint's headings herein for ease of reference only.

2.      CPS Energy denies it has committed or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 2 of the Complaint.

**PARTIES**

3.      CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      CPS Energy admits that it is a municipally owned public utility company owned by the City of San Antonio. CPS Energy denies the remaining allegations in Paragraph 4 of the Complaint.

5.      CPS Energy denies its principal place of business is located at 145 Navarro Street, San Antonio, Texas 78205-2934.  CPS Energy's current principal place of business is located at 500 McCullough Ave., San Antonio, Texas 78215. CPS Energy denies the remaining allegations in Paragraph 5 of the Complaint.

6.      CPS Energy admits it can be served through its registered agent, City Clerk Tina J. Flores at 719 South Santa Rosa, San Antonio, Texas 78204. CPS Energy denies the remaining allegations in Paragraph 6 of the Complaint.

7.      CPS Energy denies the allegations of Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.      CPS Energy admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent. CPS Energy denies it committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. CPS Energy denies any remaining allegations in Paragraph 8 of the Complaint.

9.      CPS Energy does not challenge personal jurisdiction in this case and admits that it conducts business in the State of Texas. CPS Energy denies it committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 9 of the Complaint.

10.     CPS Energy admits that it conducts business in the State of Texas and in this District. CPS Energy denies it committed or is committing acts of infringement within the State of Texas or in this District and, on that basis, denies the remaining allegations of Paragraph 10 of the Complaint.

11.     CPS Energy does not challenge venue in this case and admits it resides in this District and is formed under the laws of Texas. CPS Energy denies the remaining allegations in Paragraph 11 of the Complaint.

12.     CPS Energy does not challenge venue in this case and admits it resides in this District and is formed under the laws of Texas. CPS Energy denies the remaining allegations in Paragraph 12 of the Complaint.

## BACKGROUND INFORMATION

13.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.     CPS Energy admits that Total Connect Comfort and Home Manager systems have been referenced on the https://cpsenergy.com/en.html website. CPS Energy denies any remaining allegations in Paragraph 15 of the Complaint.

16.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 16 of the Complaint.

17.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 17 of the Complaint.

18.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 18 of the Complaint.

19.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 19 of the Complaint.

20.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 20 of the Complaint.

21.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 21 of the Complaint.

22.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 22 of the Complaint.

23.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 23 of the Complaint.

24.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 24 of the Complaint.

25.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 25 of the Complaint.

26.     CPS Energy incorporates its admissions, averments, and denials in Paragraph 15 as though fully set forth herein. CPS Energy denies that it committed or is committing acts of

infringement in this District or elsewhere and, on that basis, denies the remaining allegations in Paragraph 26 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,344,999)

27.     CPS Energy incorporates by reference each of its responses set forth in Paragraphs 1–26 above as if fully set forth herein.

28.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning the'999 Patent and, on that basis, denies all such allegations. CPS Energy denies any remaining allegations in Paragraph 28 of the Complaint.

29.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the '999 Patent and, on that basis, denies all such allegations. CPS Energy denies any remaining allegations in Paragraph 29 of the Complaint.

30.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the '999 Patent and, on that basis, denies all such allegations. CPS Energy denies any remaining allegations in Paragraph 30 of the Complaint.

31.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the '999 Patent and, on that basis, denies all such allegations. CPS Energy denies any remaining allegations in Paragraph 31 of the Complaint.

32.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the '999 Patent and, on that basis, denies

all such allegations. CPS Energy denies any remaining allegations in Paragraph 32 of the Complaint.

33.     CPS Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning the '999 Patent and, on that basis, denies all such allegations. CPS Energy denies any remaining allegations in Paragraph 33 of the Complaint.

34.     CPS Energy denies the allegations in Paragraph 34 of the Complaint.

35.     CPS Energy denies the allegations in Paragraph 35 of the Complaint.

36.     CPS Energy denies the allegations in Paragraph 36 of the Complaint.

37.     CPS Energy denies the allegations in Paragraph 37 of the Complaint.

38.     CPS Energy denies the allegations in Paragraph 38 of the Complaint.

39.     CPS Energy denies the allegations in Paragraph 39 of the Complaint.

40.     CPS Energy denies the allegations in Paragraph 40 of the Complaint.

41.     CPS Energy denies the allegations in Paragraph 41 of the Complaint.

42.     CPS Energy denies the allegations in Paragraph 42 of the Complaint.

43.     CPS Energy denies the allegations in Paragraph 43 of the Complaint.

44.     CPS Energy denies the allegations in Paragraph 44 of the Complaint.

45.     CPS Energy denies the allegations in Paragraph 45 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

46.     CPS Energy is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

47.     CPS Energy denies the Plaintiff is entitled to any relief from CPS Energy and denies all the allegations contained in Paragraphs 47 (A)-(F) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

CPS Energy's Affirmative Defenses are listed below. CPS Energy reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

CPS Energy has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '999 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '999 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '999 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that CPS Energy's actions allegedly infringe the '999 Patent, CPS Energy is not liable to Plaintiff for the acts alleged to have been performed before CPS Energy received actual notice that it was allegedly infringing the '999 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that CPS Energy indirectly infringes, either by contributory infringement or inducement of infringement, CPS Energy is not liable to Plaintiff for the acts alleged to have been performed before CPS Energy knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '999 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by CPS Energy.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '999 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by CPS Energy includes: (1) "an environmental device configured to control an environmental characteristic"; (2) "a communication interface configured to communicate with the environmental device"; (3) "a wireless circuit configured to send a first message to the cellular remote unit via a cellular communications network and to receive a second message from the cellular remote unit via the cellular communications network"; (4) "wherein the first message is a first digital communications message including a representation of environmental information, the environmental information being received from the environmental device via the communication interface and indicative of a measurement of the environmental characteristic"; (5) "wherein the second message is a second digital communications message including a command for the environmental device, the command being initiated by a user via the cellular remote unit and indicating to change the environmental characteristic"; (6) "a microcontroller configured to generate a control instruction from the command included in the second message

and to send the control instruction to the environmental device via the communication interface";
(7) wherein the environmental device is configured to change the environmental characteristic
responsive to the control instruction"; and (8) "a housing configured to mount to a wall of a
building, the housing physically supporting the environmental device, the communication
interface, the wireless circuit, and the microcontroller" as required by Claim 1 of the '999 Patent.

## CPS ENERGY'S COUNTERCLAIMS

For its counterclaims against Plaintiff Ubiquitous Connectivity, LP ("Ubiquitous"),
Counterclaim Plaintiff City of San Antonio, by and through the City Public Service Board of San
Antonio ("CPS Energy") alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff CPS Energy is a municipally owned public utility company
organized and existing under the laws of the State of Texas, with its principal office located at
500 McCullough Ave., San Antonio, Texas 78215.

2.      Upon information and belief based solely on Paragraph 2 of the Complaint as pled
by Plaintiff, Counterclaim Defendant Ubiquitous is a limited liability partnership organized and
existing under the laws of the State of Texas, and maintains its principle place of business at
2436 Tisbury Way, Little Elm, Texas 75068.

## JURISDICTION

3.      CPS Energy incorporates by reference Paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35,
United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*,
and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Ubiquitous consented to the personal jurisdiction of this Court at least by
commencing its action for patent infringement in this District, as set forth in its Complaint.

6.  Based solely on Ubiquitous' filing of this action, venue is proper for purposes of these counterclaims, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**
**DECLARATION REGARDING NON-INFRINGEMENT**

7.  CPS Energy incorporates by reference Paragraphs 1-6 above.

8.  Based on Ubiquitous' filing of this action and at least CPS Energy's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CPS Energy infringes U.S. Patent No. 10,344,999 (the "'999 Patent" or the "Asserted Patent").

9.  CPS Energy does not infringe any of the claims of the '999 Patent, including the claims specifically enumerated in Plaintiff's Complaint—Claim 1 of the '999 Patent—at least because, *inter alia*, the accused systems do not include (1) "an environmental device configured to control an environmental characteristic"; (2) "a communication interface configured to communicate with the environmental device"; (3) "a wireless circuit configured to send a first message to the cellular remote unit via a cellular communications network and to receive a second message from the cellular remote unit via the cellular communications network"; (4) "wherein the first message is a first digital communications message including a representation of environmental information, the environmental information being received from the environmental device via the communication interface and indicative of a measurement of the environmental characteristic"; (5) "wherein the second message is a second digital communications message including a command for the environmental device, the command being initiated by a user via the cellular remote unit and indicating to change the environmental characteristic"; (6) "a microcontroller configured to generate a control instruction from the

11

command included in the second message and to send the control instruction to the environmental device via the communication interface"; (7) wherein the environmental device is configured to change the environmental characteristic responsive to the control instruction"; and (8) "a housing configured to mount to a wall of a building, the housing physically supporting the environmental device, the communication interface, the wireless circuit, and the microcontroller" as required by Claim 1 of the '999 Patent.

10.     Further, CPS Energy decommissioned the use of the accused Consert thermostats and Consert Home Manager as of April 15, 2019, prior to the July 9, 2019 issuance date of the '999 Patent.

11.     This decommissioning removed the ability to remotely communicate from the Home Manager app to the Consert thermostat.

12.     A small number of Consert thermostats were not removed from customer homes due to the customer not being reachable. Those devices became non-communicating, which means they can only be manually controlled at the thermostat. As such, these devices do not and cannot infringe any claim of the '999 Patent because, among other things, they do not include "a communication interface configured to communicate with the environmental device," as required by Claim 1 of the '999 Patent.

13.     On October 28, 2020, CPS Energy informed Ubiquitous that CPS Energy terminated the use of the accused Consert thermostats and the Consert Home Manager when it decommissioned them as of April 15, 2019.

14.     On November 12, 2020, Ubiquitous' counsel represented to CPS Energy's counsel that Ubiquitous will no longer pursue its claims against the accused Consert thermostats and the Consert Home Manager.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CPS Energy requests a declaration by the Court that CPS Energy has not infringed and does not infringe any claim of the Asserted Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

16.     CPS Energy incorporates by reference Paragraphs 1-10 above.

17.     Based on Ubiquitous' filing of this action and at least CPS Energy's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

18.     The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 5,990,803; U.S. Patent Application No. 2002/0013819; and/or U.S. Patent Application No. 2003/0193428.

19.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CPS Energy requests a declaration by the Court that the claims of the Asserted Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, CPS Energy asks this Court to enter judgment in CPS Energy's favor and against Ubiquitous by granting the following relief:

a)     a declaration that the Asserted Patent is invalid;

b)     a declaration that CPS Energy does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

c)      a declaration that Ubiquitous take nothing by its Complaint;

d)      judgment against Ubiquitous and in favor of CPS Energy;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to CPS Energy of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

CPS Energy hereby demands trial by jury on all issues.

Dated: November 30, 2020          Respectfully submitted,


By:  */s/ Neil J. McNabnay*
        Neil J. McNabnay
        Texas Bar No. 24002583
        mcnabnay@fr.com
        Ricardo J. Bonilla
        Texas Bar No. 24082704
        rbonilla@fr.com
        Rodeen Talebi
        Texas Bar No. 24103958
        talebi@fr.com
        Fish & Richardson P.C.
        1717 Main Street, Suite 5000
        Dallas, Texas 75201
        (214) 747-5070 – Telephone
        (214) 747-2091 – Facsimile

        **COUNSEL FOR DEFENDANT**
        **CITY OF SAN ANTONIO, by and through**
        **its agent, CITY PUBLIC SERVICE BOARD**
        **OF SAN ANTONIO, d/b/a CPS ENERGY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 30, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


*/s/ Neil J. McNabnay*
Neil J. McNabnay

15