**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UBIQUITOUS CONNECTIVITY, LP,<br>　　　　*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-20-CV-00815-XR |
| CITY OF SAN ANTONIO, BY AND<br>THROUGH ITS AGENT, CITY PUBLIC<br>SERVICE BOARD OF SAN ANTONIO,<br>　　　　*Defendant* | §<br>§<br>§<br>§<br>§ | |

## <u>ORDER</u>

On this date, the Court considered the status of this case. On April 13, 2022, the Court granted attorneys' Jonathan L. Hardt, James F. McDonough III, Jonathan Miller, Travis Lynch, and Alexander Wyatt Wright's motion to withdraw as counsel for Plaintiff Ubiquitous Connectivity, LP (ECF No. 25). ECF No. 30. At that time, the Court ordered Plaintiff to secure counsel by June 13, 2022 or request an extension to do so. *Id.*; *see also Stark v. Kohrs*, No. 1:19-CV‑041-LY, 2020 WL 734480, at *1 (W.D. Tex. Feb. 12, 2020) (citing *Southwest Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982)) ("Although an individual has the right to proceed pro se, business entities such as limited liability companies—as fictional legal persons—have no such right, and must be represented by licensed counsel.").

On June 9, 2022, Plaintiff moved for additional time to obtain counsel (ECF No. 32), which was granted via text order on June 11, 2022. Plaintiff was given until August 12, 2022 to secure new counsel and any new counsel was ordered to enter an appearance with the Court. Plaintiff was warned that the Court was disinclined to grant further extensions. Since June 11, 2022, there has been no movement in this case and Plaintiff failed to secure counsel as ordered.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority in this regard stems from its inherent authority to manage and administer its own docket and to ensure the orderly and expeditious disposition of cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). Because Plaintiff has failed to comply with the Court's order to obtain new counsel, the Court finds it appropriate to dismiss this case.

Accordingly, the Court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to failure to comply with an order of the Court. A final judgment pursuant to Rule 58 will issue follow.

It is so **ORDERED**.

**SIGNED** this 25th day of August, 2023.

Xavier Rodriguez
United States District Judge